UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARCO SANCHEZ-DIAZ, | ) |
| Petitioner, | ) |
| v. | ) No. 1:23-cv-00172-JSD |
| STATE OF MISSOURI, | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on petitioner Marco Sanchez-Diaz's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

On September 3, 2010, petitioner was found guilty by a jury of two counts of statutory sodomy in the first degree and one count of child molestation in the first degree. He was sentenced to 75 years in prison. *See Missouri v. Sanchez-Diaz*, No. 08SF-CR00124 (St. Francois Cir. Ct. Sept. 3, 2010). Plaintiff filed an appeal, and the Missouri Court of Appeals affirmed the judgment on February 14, 2012. *Id.* (filed Feb 14, 2012).

On April 23, 2012, plaintiff filed a motion to vacate, set aside, or correct the judgment or sentence under Missouri Rule 29.15 in Missouri state court. *See Sanchez-Diaz v. State of Mo.*, 12SF-CC00065 (St. Francois Cir. Ct. Apr. 23, 2012). On October 9, 2012, the trial court denied petitioner's Rule 29.15 motion without an evidentiary hearing. Plaintiff appealed the denial of his Rule 29.15 motion. On September 3, 2013, the Missouri Court of Appeals affirmed the trial court's ruling. *See Sanchez-Diaz v. State of Mo.*, No. ED99244 (Mo. Ct. App. Sept. 3, 2013)

Petitioner filed the instant § 2254 petition on October 2, 2023.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The instant petition has been filed more than ten years after petitioner's state court judgment of conviction became final. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for leave to file action without payment of fees is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and **no later than twenty-one days from the date of this Order**, why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, this action will be dismissed.

Dated this 18th day of December, 2023.

JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE